United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 10, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-30471
Conference Calendar

EARNEST L. SMITH,

Plaintiff-Appellant,

versus

LOUISIANA STATE; PAROLE BOARD STAFF; VERDEGRA SCOTT,
Department of Corrections Parole Board Staff; E. PEGGY
LANDRY, Department of Corrections Parole Staff; GETIHEN MCCASTLE,
Department of Corrections Parole Board Staff,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 03-CV-538
--------------------

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Earnest L. Smith, Louisiana prisoner #1077412, has moved in this court for *in forma pauperis* (IFP) status on appeal, thereby challenging the district court's certification that the appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). Smith's challenge to the allegedly unconstitutional revocation of his parole is not cognizable in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the instant 42 U.S.C. § 1983 action because he has not demonstrated or alleged "that his conviction or sentence has been reversed on direct appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus." Cronn v. Buffington, 150 F.3d 538, 541 (5th Cir. 1998). Smith's assertion, raised for the first time on appeal, that the district court judge should have been recused due to his participation in Smith's prior 28 U.S.C. § 2241 proceeding is equally frivolous. See Liteky v. United States, 510 U.S. 540, 555 (1994). Accordingly, this appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 n.24 (citing 5TH CIR. R. 42.2).

The dismissal of this appeal as frivolous and the district court's dismissal of this lawsuit under 28 U.S.C. § 1915A(b)(1) each count as a strike for purposes of the 28 U.S.C. § 1915(g) bar. Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). We caution Smith that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; WARNING ISSUED.